124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie D. WEEKLY, Defendant-Appellant.
 No. 96-3228.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Decided Aug. 20, 1997.
 
 Before Posner, Easterbrook, Manion, Circuit Judges.
 
 ORDER
 
 1
 Willie Weekly appeals the district court's two-level sentence enhancement under the United States Sentencing Guidelines ("USSG") for possessing a firearm during the course of a drug conspiracy. We affirm.
 
 
 2
 Weekly pleaded guilty to one count of conspiring to possess cocaine and cocaine base with intent to distribute, and with conspiring to distribute cocaine and cocaine base. The presentence report ("PSR") recommended a two-level enhancement from the base offense level based upon the reports of nine witnesses who saw Weekly and/or his co-conspirator, Frank Curry, in possession of firearms.[1] At the sentencing hearing, Weekly objected through counsel to gun possession being attributed to him based upon paragraph 61 of the PSR, in which Michael Bohm, an acquaintance of Curry, reported that he had seen Curry in possession of a gun immediately after Curry attempted to purchase alcohol for the underage Bohm. The same paragraph of the PSR also states that the same evening Curry was observed selling a bag of marijuana laced with cocaine. The district court ruled:
 
 
 3
 I do find that there is ample evidence to show that there was a gun in possession of one of the conspirators during the course of the conspiracy and that it is not clearly improbable that the weapon was connected to the offense.[2] I think the government shows that, and the presentence report indicates that many people saw the gun, saw it during the course of the conspiracy, and I think that's more than sufficient to justify the two-level enhancement, and I will adjust the offense level to reflect the gun.
 
 
 4
 The court adjusted Weekly's offense level upward two levels because of the firearm possession, and sentenced him to 136 months' imprisonment. He appeals only this upward adjustment in his sentence.
 
 
 5
 "We review for clear error the district court's decision to enhance a sentence for gun possession under § 2D1.1(b)(1)." United States v. Hall, 109 F.3d 1227, 1235 (7th Cir.1997). "The enhancement is warranted if the government proves by a preponderance of the evidence that the weapon was possessed during the course of the conspiracy." Id. "When the district court adopts the PSR's findings, the defendant must offer more than a bare denial of its factual allegations to mount a successful challenge." Id. at 1233. He must produce some evidence which demonstrates that controverted statements are unreliable. United States v. Purchess, 107 F.3d 1261, 1268 (7th Cir.1997).
 
 
 6
 Weekly does not dispute that Bohm saw Curry in possession of a gun after Curry attempted to purchase alcohol, rather, Weekly argues that Bohm's observation does not constitute reliable evidence of gun possession during the drug conspiracy. We disagree. If the sentence enhancement for gun possession were based only upon paragraph 61, the two-level upward adjustment may have been questionable, but it would not have been clear error given that Curry was observed selling drugs the same evening as he was seen with a gun. Moreover, the PSR contains, and the district judge implicitly relied upon, the reports of eight other witnesses who linked the conspirators to the possession of guns. This additional evidence indicates that the district judge did not clearly err.
 
 
 7
 On appeal, Weekly argues for the first time that the district court erred in relying upon the testimony of Melissa Frost and Peggy Sharp, two of the other eight witnesses whose statements connected the co-conspirators with the possession of guns. He argues that Frost and Sharp were presumptively unreliable witnesses because they were drug dealers who told undercover law enforcement officers that they were "tired of dealing" with Curry and Weekly, having been "ripped [ ] off" and "screwed" when the co-conspirators used most of $6,000 worth of cocaine that Frost and Sharp had purchased, and when they ran up large phone bills at Frost's and Sharp's apartments. Under these circumstances, Weekly insists, Frost and Sharp had the motive of "revenge" to falsify their statements. However, because Weekly did not bring this issue before the sentencing court, it is waived on appeal. See United States v. Pitz, 2 F.3d 723, 730 (7th Cir.1996).
 
 
 8
 Nor did Weekly object at sentencing to the testimony of the six other witnesses who linked the co-conspirators to the possession of guns. A " 'sentencing court's credibility determinations are accorded exceptional deference.' " Hall, 109 F.3d at 1233 (citation omitted). Such deference is certainly warranted here given that Frost and Sharp's statements were made to those to who they thought were drug dealers, but were actually undercover law enforcement officers. While it is possible that cooperative, though false, statements might be offered to law enforcement officials in return for leniency, the district court did not err in considering it improbable that Frost and Sharp would have been motivated to lie to those to whom they perceived were drug dealers regarding the co-conspirator's possession of firearms.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Two of the nine witnesses did not actually see the co-conspirators in possession of firearms, but could tie them circumstantially to such possession. Undercover law enforcement officer Mike Sasse was one of these witnesses and he reported that he had had conversations with the co-conspirators about his arrangement for their purchase of guns. The other witness, Jennifer Golla, observed an individual named Mike accuse the co-conspirators of stealing a gun that he had hidden underneath a truck in a parking lot
 
 
 [2]
 Application Note 3 to USSG § 2D1.1. provides that the enhancement for weapons possession "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."